IN RE: Christina M. SUMMERVILLE, Debtor.

Case No. 3:11–bk–4689–PMG

United States Bankruptcy Court, M.D. Florida, Jacksonville Division

Signed September 16, 2014

Scott Bomkamp, United States Trustee, Orlando, FL, for U.S. Trustee.

Keith D. Collier, Law Offices of Keith D. Collier (Jax), Jacksonville, FL, for Debtor.

Chapter 7

**ORDER ON MOTION TO DISMISS PURSUANT TO 11 U.S.C. SECTION 707(b)(1) BASED ON PRESUMPTION OF ABUSE ARISING UNDER 11 U.S.C. SECTION 707(b)(2) AND ABUSE ARISING UNDER 11 U.S.C. SECTION 707(b)(3)**

PAUL M. GLENN, United States Bankruptcy Judge

**THIS CASE** came before the Court to consider the Motion to Dismiss Pursuant to 11 U.S.C. Section 707(b)(1) based on Presumption of Abuse Arising under 11

U.S.C. Section 707(b)(2) and Abuse Arising under Section 707(b)(3). (Doc. 80). The Motion was filed by the United States Trustee (UST).

The parties agree that the controlling issue for resolution of the Motion is whether § 707(b)(2) applies to bankruptcy cases that were initially filed under Chapter 13 of the Bankruptcy Code and later converted to Chapter 7.

The Court finds that § 707(b)(2) applies to converted cases, in part because (1) the conversion of a Chapter 13 case operates as an order for relief under Chapter 7; (2) upon conversion, the debtor is required to file an Official Form 22A, which includes the Determination of § 707(b)(2) Presumption; and (3) the Bankruptcy Code and Rules establish an intent to apply the abuse analysis after conversion.

Because § 707(b) applies to converted cases, the UST's Motion should be granted, and this case should be dismissed in accordance with the parties' agreement.

### Background

The Debtor, Christina M. Summerville, filed a petition under Chapter 13 of the Bankruptcy Code on June 24, 2011.

On October 7, 2011, the Court entered an Order Confirming the Debtor's Chapter 13 Plan. (Doc. 23). The confirmed plan was subsequently modified on March 27, 2012, May 22, 2012, and November 2, 2012. (Docs. 36, 45, 59).

On April 1, 2013, the Court entered an Order dismissing the Chapter 13 case based on the Debtor's failure to make payments under the confirmed plan. (Doc. 68). The effective date of the Order was delayed to allow the Debtor to convert her case to another chapter of the Bankruptcy Code.

On April 23, 2013, the Debtor filed a Notice of Conversion from Chapter 13 Case to Chapter 7 Case, and the case was converted on April 24, 2013. (Docs. 72, 73).

On July 22, 2013, the UST filed a Motion to Dismiss the Debtor's Chapter 7 case pursuant to § 707(b)(1) of the Bankruptcy Code. Generally, the UST asserts that the case should be dismissed based on the presumption of abuse that arises under § 707(b)(2), and also based on the Debtor's bad faith and the totality of the circumstances under § 707(b)(3). (Doc. 80, pp. 8–9).

On January 22, 2014, the UST filed an Agreed Motion to cancel the final evidentiary hearing on its Motion to dismiss the case, and stated:

5. The parties have conferred and agree that a disputed legal issue is entirely dispositive of this case. Specifically, the parties disagree as to whether 11 U.S.C. § 707(b)(2) applies to cases converted from chapter 13 of the bankruptcy code. If section 707(b)(2) applies, the parties agree that the UST's Motion to dismiss should be granted and the case should be dismissed. If section 707(b)(2) does not apply, the parties agree that the UST's Motion to Dismiss should be denied.

(Doc. 95, ¶ 5). On January 26, 2014, the Court entered an Order granting the Agreed Motion, and directed the parties to file briefs "regarding whether 11 U.S.C. § 707(b)(2) applies in cases converted from chapter 13." (Doc. 96).

### Discussion

█ Generally, § 707(b)(2) provides that the Court shall presume that a Chapter 7 case is abusive if the debtor's current monthly income, reduced by the expenses or payments determined under subsection (b)(2), is greater than certain threshold amounts set forth in the section. 11 U.S.C. § 707(b)(2). The calculation is

known as the Means Test, and is the method to determine whether the case is presumptively abusive for purposes of dismissal under § 707(b)(1) of the Bankruptcy Code.

Section 707(b)(1) provides that the Court may dismiss a Chapter 7 case is it finds that the granting of relief would be an abuse of the provisions of Chapter 7. Specifically, § 707(b)(1) of the Bankruptcy Code provides in part:

> **11 U.S.C. § 707. Dismissal of a case or conversion to a case under Chapter 11 or 13**
>
> . . .
>
> (b)(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss *a case filed by an individual debtor under this chapter* whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title if it finds that the granting of relief would be an abuse of the provisions of this chapter.

11 U.S.C. § 707(b)(1)(Emphasis supplied). A threshold question under § 707(b)(1) is whether the section applies only to cases that were initially "filed under" Chapter 7, or whether it also applies to cases that were initially filed under another chapter, and later converted to a case under Chapter 7.

### A. *St. Jean*

This Court previously considered the question in the case of *Michael John and Kim Ann St. Jean,* Case No. 3:09–bk–6745–PMG, and determined that the abuse analysis of § 707(b) applies not only to cases that were initially filed under Chapter 7, but also to cases that were originally filed under Chapter 13 and later converted to liquidations under Chapter 7. (Case No.

3:09–bk–6745–PMG, Order on Motion to Dismiss Pursuant to 11 U.S.C. Section 707(b)(1), Doc. 65, January 24, 2011).

In evaluating the issue, the Court considered the interplay of a number of provisions of the Bankruptcy Code and the Bankruptcy Rules. *In re St. Jean,* Doc. 65, pp. 4–9. Based on the provisions, the Court concluded that § 707(b) applies to converted cases for three primary reasons.

First, the conversion of a Chapter 13 case operates as an order for relief under Chapter 7. Section 348 of the Bankruptcy Code provides that the conversion of a case from one chapter to another "constitutes an order for relief under the chapter to which the case is converted." 11 U.S.C. § 348(a). Under § 348, "the original filing date is retained upon conversion, but the case is otherwise treated as if the debtor had originally filed under the converted chapter." *St. Jean,* Doc. 65, pp. 10–11 (citing *In re Kerr,* 2007 WL 2119291, at 3.).

Second, a debtor who converts his case is required to file an Official Form 22A, which includes the Determination of § 707(b)(2) Presumption. Specifically, Rule 1019(1)(A) of the Federal Rules of Bankruptcy Procedure requires a debtor in a converted case to comply with Rule 1007. Fed.R.Bankr.P. 1019(1)(A). Rule 1007 requires a Chapter 7 debtor to file a statement of current monthly income as prescribed by the appropriate Official Form. Fed.R.Bankr.P. 1007(b)(4). The Official Form for Chapter 7 debtors is Form 22A. Form 22A is based on § 707(b)(2) of the Bankruptcy Code, and is used to calculate the debtor's monthly income for purposes of determining whether the presumption of abuse arises under that section. *St. Jean,* Doc. 65, pp. 11–12 (citing *In re Boule,* 415 B.R. 1, 4 n. 4 (Bankr. D.Mass.2009)).

Third, the Bankruptcy Code and Rules establish an intent to apply the abuse analysis after the conversion of a Chapter 13 case to a Chapter 7 case. Under § 704(b)(1), for example, the UST is under a duty to evaluate the Official Form 22A submitted by individual debtors in Chapter 7 cases. 11 U.S.C. § 704(b). Following the UST's evaluation, § 342(d) and § 348(c) require the clerk to notify creditors in converted cases if the presumption of abuse has arisen under § 707(b). If the UST or another interested party asserts that a converted case is an abuse of Chapter 7, Rule 1019(2)(A) provides for the commencement of a new time period after conversion for the filing of a motion under § 707(b). Fed.R.Bankr.P. 1019(2)(A). *St. Jean*, Doc. 65, pp. 13–14.

For these primary reasons, the Court found in *St. Jean* that the abuse analysis of § 707(b) applies to cases that were initially filed under Chapter 13 and later converted to liquidations under Chapter 7. The conclusion is consistent with the purpose of § 707(b) "to remedy the abuses that occur when a consumer debtor receives a discharge of all of his debt despite his ability to repay a portion of it through a chapter 13 plan." *In re Naut*, 2008 WL 191297, at 12 (Bankr.E.D.Penn.).

## B. Subsequent decisions

After the decision in *St. Jean*, at least three other Bankruptcy Courts in the Middle District of Florida have considered whether § 707(b) applies in converted cases, and adopted the "plain language" view. See *In re Thoemke*, 2014 WL 443890 (Bankr.M.D.Fla.); *In re Martin*, Case No. 3:11–bk–7928–JAF (Doc. 101); and *In re Layton*, 480 B.R. 392 (Bankr. M.D.Fla.2012). Under the "plain language" view, § 707(b) does not apply to Chapter 7 cases that were converted from Chapter 13, because the converted cases

were not "filed by an individual debtor under this chapter [7]" as provided by § 7G7(b)(1):

Clearly, the plain language view is recognized as a "permissible reading" of § 707(b) of the Bankruptcy Code. *In re Davis*, 489 B.R. 478, 480 (Bankr.S.D.Ga. 2013). Nevertheless, this Court is persuaded that the better approach is to evaluate § 707(b) in light of the entire statutory framework surrounding § 707(b). See *In re St. Jean*, Case No. 3:09–bk–6745–PMG, Doc. 65.

As indicated above, the "plain language" Courts decline to apply § 707(b) to converted cases because such cases were not "filed under" Chapter 7. According to these Courts, the inapplicability of § 707(b) to converted cases would not lead to abuses of the bankruptcy process, because other remedies are available to prevent debtors from avoiding the means test by filing Chapter 13 cases that they do not intend to pursue, and immediately converting them to cases under Chapter 7. *In re Thoemke*, 2014 WL 443890, at 2; *In re Layton*, 480 B.R. at 397–98.

The remedy to address abuses of the Chapter 7 process, however, is found in § 707(b), which expressly provides that a Chapter 7 case may be dismissed if the Court "finds that the granting of relief would be an abuse of the provisions of Chapter 7." 11 U.S.C. § 707(b)(1). The alternative provisions cited by the plain language Courts, such as § 707(a), are designed as a remedy for other failures or deficiencies. See *In re Lassiter*, 2011 WL 2039363, at 7 ("Cause" under § 707(a) is a separate and distinct ground for dismissal from "abuse" under § 707(b), and Courts have treated § 707(a) and § 707(b) as mutually exclusive grounds for dismissal, the former for "cause," and the latter for "abuse."). In other words, the "avenue" to address abusive practices in Chapter 7

cases is § 707(b), regardless of whether the case was originally filed as a Chapter 13 case or a Chapter 7 case.

Additionally, a number of recent decisions have been guided by the case law that interpreted § 707(b) prior to the BAPCPA amendments of 2005.

Moreover, the language at issue "may dismiss a case filed by an individual debtor under this chapter" has remained unchanged since § 707(b) was originally enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984. 6 Collier on Bankruptcy, ¶ 707.LH (16th ed. rev.2012). In the years since its original enactment, bankruptcy courts have consistently applied § 707(b) to cases that were converted to chapter 7 from other chapters. . . .

. . . "Pre–BAPCPA bankruptcy practice is telling because 'we will not read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure.'" *Hamilton v. Lanning*, [560] U.S. [505], 130 S.Ct. 2464, 2473, 177 L.Ed.2d 23 (2010); . . . Thus, applying § 707(b) in converted cases is consistent with pre-BAPCPA practice, and Congress has not clearly indicated an intent to depart from established precedent.

*In re Davis*, 489 B.R. at 483–84. "As explained above, the operative language has not changed since it was enacted in 1984 and, since that time, courts routinely have applied section 707(b) to converted cases." *In re Reece*, 498 B.R. 72, 81 (Bankr.W.D.Va.2013).

In considering the entire statutory framework surrounding § 707(b), the Court finds that § 707(b) applies to cases that were initially filed under Chapter 13, and later converted to Chapter 7. *In re Reece*, 498 B.R. at 81; *In re Davis*, 489 B.R. at 485.

## C. Presumption

As indicated above, the abuse analysis of § 707(b) includes a determination of whether the presumption of abuse arises under § 707(b)(2)(A). It should be noted, however, that the abuse analysis of § 707(b) also includes a provision for rebuttal of the presumption under § 707(b)(2)(B). Specifically, § 707(b)(2)(B) provides in part:

**§ 707, Dismissal of a case or conversion to a case under chapter 11 or 13**

. . .

(B)(i) In any proceeding brought under this subsection, *the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces,* to the extent such special circumstances that justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

11 U.S.C. § 707(b)(2)(B)(i)(Emphasis supplied). The two examples of special circumstances cited in the statute "are non-exclusive by virtue of the precedent words 'such as.' (Citation omitted.) A Bankruptcy Court has broad discretion to determine on a case by case basis whether special circumstances exist." *In re Stocker,* 399 B.R. 522, 530 (Bankr.M.D.Fla. 2008).

If the debtor in a converted case disputes the application of the presumption of abuse under § 707(b)(2)(A), therefore, he may seek to rebut the presumption by showing the existence of special circumstances under § 707(b)(2)(B).

## Conclusion

The UST filed a Motion to Dismiss the Debtor's Chapter 7 case under § 707(b) of the Bankruptcy Code. The parties agree that the controlling issue for resolution of

the Motion is whether § 707(b)(2) applies to bankruptcy cases that were initially filed under Chapter 13 of the Bankruptcy Code, and later converted to Chapter 7.

The Court finds that § 707(b)(2) applies to converted cases, in part because (1) the conversion of a Chapter 13 case operates as an order for relief under Chapter 7; (2) upon conversion, the debtor is required to file an Official Form 22A, which includes the Determination of § 707(b)(2) Presumption; and (3) the Bankruptcy Code and Rules establish an intent to apply the abuse analysis after conversion.

Accordingly:

**IT IS ORDERED** that the Motion of the United States Trustee to Dismiss Pursuant to 11 U.S.C. Section 707(b)(1) Based on Presumption of Abuse Arising Under 11 U.S.C. Section 707(b)(2) and Abuse Arising Under 11 U.S.C, Section 707(b)(3) is granted, and this Chapter 7 case is dismissed.